UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CUREN M. ESSEX,   Case No. 09-32597-dof
      Debtor.   Chapter 7 Proceeding
                                            /   Hon. Daniel S. Opperman

OPINION REGARDING APPLICATION FOR APPROVAL OF
SETTLEMENT CLAIM AND COMPENSATION FILED BY
SPECIAL COUNSEL, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

Introduction and Facts

The Debtor, Curen M. Essex, (the "Debtor") was a plaintiff in a lawsuit in which she claimed damages for assault, battery, gross negligence, and violation of her constitutional and statutory rights. The Debtor was one of four such similarly situated plaintiffs and hired the firm of Fieger, Fieger, Kenney & Harrington, P.C. (the "Law Firm") to represent her. Subsequently, the Chapter 7 Trustee, Collene Corcoran, (the "Trustee") sought approval of this Court to retain the Law Firm. The Debtor's lawsuit was not an easy cause of action, but the Debtor and the Law Firm ultimately prevailed, such that a settlement of various claims occurred. As a result of this settlement, the Law Firm sought payment for expenses and fees per a Contract for Legal Representation (the "Contract") signed by the Debtor on May 28, 2008, and approved by the Law Firm on July 29, 2008. Two paragraphs of this Contract are of interest:

       3.     As a legal fee for this representation, the Firm shall receive an amount equal to one-third (1/3) of the net of any recovery. The net of any recovery, as defined by the Michigan Supreme Court, is equal to the total amount of any sum recovered, including the costs taxed and any interest included, whether by settlement or judgment or otherwise, less all disbursements properly chargeable to the enforcement of the claim or prosecution of the action.

1

4. Apart from the fees to which reference is made in Paragraph 3 herein, it is agreed that the Client(s) is ultimately responsible for payment of the necessary disbursements for enforcement of the claim or prosecution of an action as these disbursements are incurred by the Firm. These disbursements may include, but are not limited to, court filing fees, subpoena fees, fees for private investigators, accountants, or other professionals, expert witnesses, court reporter transcripts, telephone charges, travel expenses for attorneys or investigators, copying charges and any other disbursements which the Firm deems necessary for the proper pursuit of the case. It is also agreed that, to the extent such disbursements are made by the Firm on behalf of the client(s), the client(s) will be responsible for interest on such disbursements at the rate of 7% per annum from the proceeds of any monies secured on a client's behalf by the Firm.

After maneuvering regarding the payment of the settlement amount to the Trustee, the Law Firm now seeks approval of attorney fees of $12,264.13 and reimbursement of necessary expenses in the amount of $13,207.62.

The Trustee objected to the Law Firm's request, arguing that the Law Firm's actions caused the Trustee's counsel to incur unnecessary fees and expenses. Additionally, the Trustee objected that the expenses were not itemized in the Application. At a hearing regarding the Application, it appeared that the exhibit listing the expenses was inadvertently omitted and the Law Firm corrected that omission shortly after the hearing. The Law Firm's counsel informed the Court that the Law Firm has meticulous records and a tracking system to account for expenses. The Court finds that counsel's statement is true, as the statement of expenses spans 50 pages and has approximately 57 entries per page. After hearing oral argument, the Court took this matter under advisement to study the expenses.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

2

Analysis

11 U.S.C. § 330(a)(1)(A) and (B) allow the Court to award professionals, such as the Law Firm, reasonable compensation for actual, necessary services under (A) and actual, necessary expenses under (B). Here, the Law Firm was entitled to the payment of expenses and one-third of the remainder. In the Application, the Law Firm's math is correct, but the Trustee raised the issue of whether the expenses were reasonable at the hearing.

After close examination of the Law Firm's expenses, the Court finds that the vast majority of the expenses fit squarely within the Contract signed by the Law Firm and the Debtor and approved by the Trustee and this Court. After closer examination, the expenses for envelopes and labels stand out as expenses that do not fit in the description of the Contract or 11 U.S.C. § 330. As the Law Firm's counsel explained at the hearing, the Law Firm charges for certain materials such as envelopes and labels at the rate of $.35 per item. From the 50 page exhibit attached to the Application, there are at least 135 such items listed that appear on Pages 19, 32-40, 42-45, and 48. These items, which total $47.25, neither fit within the description of the items that are to be reimbursed or within 11 U.S.C. § 330. The Court will disallow those expenses, but allow the remainder of the expenses. The effect of this is to slightly adjust the amount of the fees given the reduced amount of expenses.

Accordingly, the Court allows expenses of $13,160.37. After subtracting this amount from the $50,000.00 settlement, there remains $36,839.63, of which one-third is payable to the Law Firm. The one-third amount is $12,279.88.

The Trustee argues that this Court should look further and either make the estate whole by surcharging the attorneys or adjust the amount awarded to them. While the Court understands the Trustee's frustrations in this case, the Court does not see the need to apply 11 U.S.C. § 330 as argued

3

by the Trustee. This is especially true in this case where, as near as the Court can tell and the parties can see, the Law Firm obtained an outstanding result with difficult facts.

<u>Conclusion</u>

The Court will not allow certain expenses totaling $47.25, but after making the necessary adjustments, allows attorney fees in the amount of $12,279.88 and expenses of $13,160.37. Counsel for the Law Firm is directed to prepare an order consistent with this Opinion.

**Not for Publication**

**Signed on August 19, 2015**

                                             **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**